UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23404-GAYLES

**GLORIA SMITH**,

    Plaintiff,

v.

**SELECT PORTFOLIO SERVICING INC.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On September 22, 2021, Plaintiff Gloria Smith, appearing *pro se*, filed a Complaint against Defendant Select Portfolio Servicing Inc., [ECF No. 1], and a Motion to Proceed *in forma pauperis* (the "Motion"), [ECF No. 3]. Because Plaintiff moves to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1985(e), are applicable. Pursuant to the screening provisions, the Court must dismiss a case if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon an initial screening, the Court finds that the Complaint must be dismissed because it fails to state a claim on which the Court may grant relief.

"The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply" to a dismissal under § 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1319–20 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of

the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. Att'y Gen.*, 637 F. App'x 574, 574 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A party should also state "each claim founded on a separate transaction or occurrence . . . in a separate count" to promote clarity. *Id.*

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend [her] complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted).

As an initial matter, the Court notes that this is Plaintiff's third attempt at asserting her claims against Defendant Select Portfolio Servicing. *See Smith v. Select Portfolio Servicing*, No. 20-CIV-24543, [ECF No. 5] (S.D. Fla. Nov. 12, 2020) (recommending dismissal of complaint for lack of federal question or diversity jurisdiction), *adopted and affirmed*, [ECF No. 13] (S.D. Fla. Jan. 22, 2021); *Smith v. Select Portfolio Servicing*, No. 20-CIV-24204, [ECF No. 4] (S.D. Fla. Oct.

14, 2020) (dismissing complaint without prejudice for failure to properly assert jurisdiction or a meritorious claim). After reviewing the Complaint and attached exhibits, the Court liberally construes Plaintiff claims as follows: (1) liability for error in mortgage deed or note in violation of Florida Statute § 697.10; (2) mortgage fraud in violation of Florida Statute § 817.545; and (3) violation of the federal False Claims Act, 31 U.S.C. §§ 3729–33. The Court addresses each in turn.

I.   **Liability for Error in Mortgage Deed or Note in Violation of Florida Statute § 697.10**

Florida Statute § 697.10 provides that:

> In any action relating to real property, if the court shall find that any person has prepared an instrument which due to an inaccurate or improper legal description impairs another person's title to real property, the court may award to the prevailing party all costs incurred by her or him in such action, including reasonable attorney's fees, and in addition thereto may award to the prevailing party all actual damages that she or he may have sustained as a result of such impairment of title.

Fla. Stat. § 697.10. A plain reading of the statute requires the Court to first find that a person prepared a legal instrument with an inaccurate or improper legal description such that it impairs "another person's title to real property . . . ." *Id.* If the Court makes such a finding, it may then award the prevailing party all costs in litigating the action, as well as the actual damages incurred from the impairment of title. *Id.* Section 697.10 therefore reads as a damages provision rather than a source of relief. *See Delk v. Bank of Am., N.A.*, No. 5:14-CIV-469-OC-32PRL, 2016 WL 70617, at *3 & *3 n.6 (M.D. Fla. Jan. 6, 2016) (questioning the applicability of § 697.10 as a source of duty).

In the exhibits attached to her Complaint, Plaintiff argues that the legal description of the property described in her Mortgage is inaccurate and improper because it lists "Carol City" as part of the address. [ECF No. 1-2 at 20]. This argument is refuted by the Mortgage itself, *id.* at 18, and numerous other exhibits she attaches, which state the address as 1721 N.W. 191 Street, Miami,

3

Florida, 33056, *see, e.g.*, *id.* at 18, 21–22, 29–30. Additionally, Plaintiff does not dispute the legal description of the property in her Complaint; rather, she disputes the type of mortgage she entered into, the application of payments to the mortgage, and the alleged forgery of the assignment of her mortgage. [ECF No. 1 at 3]. Therefore, the Court finds no basis for Plaintiff's claim under § 697.10.

## II.     Mortgage Fraud in Violation of Florida Statute § 817.545

Under Florida Statute § 817.545, a person commits mortgage fraud if he or she knowingly, "with the intent to defraud, . . . [m]akes any material misstatement, misrepresentation, or omission during the mortgage lending process with the intention that the misstatement, misrepresentation or omission will be relied on by a mortgage lender, borrower, or any other person or entity involved in the mortgage lending process . . . ." Fla. Stat. § 817.545(2)(a). However, § 817.545 "is a penal statute and does not provide for a private cause of action." *See Dixon v. Green Tree Servicing, LLC*, No. 19-CIV-8002, 2019 WL 2866495, at *10 (S.D. Fla. July 3, 2019); *Watson v. Bank of Am. Corp.*, No. 13-CIV-81137, 2014 WL 3667877, at *2 (S.D. Fla. July 22, 2014). Moreover, a fraud-based claim is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Woodley v. Royal Caribbean Cruises, Ltd.*, 472 F. Supp. 3d 1194, 1206 (S.D. Fla. 2020) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). Because Plaintiff does not have a private right of action under § 817.545, and because she fails to allege her claims with sufficient particularity, the Complaint shall be dismissed.

**III.     Violation of the False Claims Act Pursuant to 31 U.S.C. §§ 3729–33**

The federal False Claims Act imposes liability on a person who commits certain acts that defraud the United States government. *See* 31 U.S.C. § 3729(a)(1). While "[a] person may bring a civil action for a violation of section 3729 for the person and for the United States Government," "[t]he action shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). Additionally, "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government . . . ." *Id.* (b)(2). Here, Plaintiff fails to bring her claim in the name of the United States Government, nor is there proof in the record that she served the United States Government with a copy of her Complaint and a written disclosure of the material evidence and information she possesses. *Id.* (b)(1)–(2). Moreover, Plaintiff fails to allege how Defendant did, or attempted to, defraud the United States Government. *See* [ECF No. 1 at 3] ("This mortgage is a Conventional Real Estate Loan fraudulently obtained by [Defendant], including Purchase Money First."). Thus, Plaintiff fails to state a claim because she "fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith*, 637 F. App'x at 574 (quoting *Twombly*, 550 U.S. at 570). Therefore, the Complaint shall be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. *Pro se* Plaintiff Gloria Smith's Complaint, [ECF No. 1], is **DISMISSED without prejudice**.

2. *Pro se* Plaintiff Gloria Smith's Motion to Proceed *in forma pauperis*, [ECF No. 3], is **DENIED**.

    3.    This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of October, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:

Gloria Smith
1721 N.W. 191st Street
Miami, Florida 22056